**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DONALD MACK DOVE,

                      Petitioner,

    v.                                              No. 12-CV-738
                                                          (FJS/CFH)

WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,

                      Respondent.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| DONALD MACK DOVE<br>10-B-0378<br>Petitioner Pro se<br>Elmira Correctional Facility<br>Post Office Box 500<br>Elmira, New York 14902 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br>   State of New York<br>Attorney for Respondent<br>The Capitol<br>Albany, New York 12224-0341 | ALYSON J. GILL, ESQ.<br>Assistant Attorney General |

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Petitioner pro se Donald Mack Dove ("Dove") is currently an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS") at

---

[1] This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Elmira Correctional Facility ("Elmira"). On January 14, 2010, after a jury trial in the Broome County Court, Dove was convicted of assault in the second degree. Pet. (Dkt. No. 1) ¶¶ 1–2, 12(A); People v. Dove, 86 A.D.3d 715, 715 (3d Dep't 2011). Dove was sentenced to, and is presently serving, twelve years to life for that conviction. Pet. ¶ 3. Dove now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Pet. ¶ 12(A). For the reasons that follow, it is recommended that the petition be denied.

## I. Background

### A. Introduction

On October 21, 2008, Dove was held at the Broome County jail without bail on the charge of burglary in the first degree and a parole violation. Pet. ¶ 12(A); Dkt. No. 6-1 at 1, 4. At approximately 7:15 a.m., non-party Corrections Officer Callahan saw Dove and non-party Inmate Bogart having "heated words with each other." Dkt. No. 6-1 at 1. Bogart had organized a football pool, which Dove claimed he had won. Tr. (Dkt. No. 16-8) at 182:12–184:5.[2] Bogart responded that non-party Inmate Backus had won the pool. Id. at 183:24– 184:5. Dove and Bogart started to fight with Dove as the aggressor. Id. at 184:6–21; Dkt. No. 6-1 at 1. Dove contends that Bogart was hit once in the mouth. Pet. ¶ 12(A). However, Bogart maintains Dove had punched him twice in the lip. Tr. at 184:22–185:2. The jail's camera surveillance system recorded this assault incident, which was played for the jury. Id. at 171:10–174:14; 189:14–191:11.

---

[2] The page numbers following "Tr." refer to the pagination of the header numbers generated by CM/ECF, not the individual transcripts.

Three corrections officers arrived upon Callahan's call for assistance, at which time both inmates separated from each other. Dkt. No. 6-1 at 1. Dove was sent to Special Housing Unit ("SHU") confinement.[3] Id. He was charged with felony assault in the second degree in violation of N.Y. Penal Law § 120.05(7), a Class D felony, while confined in a correctional facility. Dkt. No. 6-1 at 2 (Felony Complaint). Dove had hit Bogart with a closed fist in the face, causing injuries requiring stitches to the inside and outside of the lip. Id.; Tr. 218:16–220:16. Bogart was in pain for approximately one week and was prescribed antibiotics. Tr. at 194:2–11, 220:17–25. Bogart also sustained a loosened tooth which was repaired with a filling. Id. at 194:19–195:5.

## B. Preliminary Hearing and Trial

Dove requested a preliminary hearing before the Honorable Gregory A. Gates of the Town of Dickinson Court in Binghamton, New York, which was scheduled for December 1, 2008. Dkt. No. 6-1 at 3. By letter dated December 1, 2008, prosecution informed Judge Gates that they did not intend to proceed with a preliminary hearing. Id. at 4. Prosecution also notified the court that Dove's underlying charge was scheduled to be presented to a grand jury on December 3, 2008. Id. On December 1, 2008, Judge Gates dismissed the assault charge against Dove for prosecution's failure to proceed with a scheduled preliminary hearing as requested by Dove. Id. at 5–8.

---

[3] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. COMP. CODES R. & REGS. tit 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

3

A jury trial was commenced on October 26, 2009 for Dove's assault charge before the Honorable Martin E. Smith in the Broome County Court. Tr. at 1. Dove represented himself with standby counsel present. See id. at 3:6–17. During a colloquy with respect to entering certain exhibits into evidence, Judge Smith explained to Dove that the letters concerning the preliminary hearing cannot be entered as evidence because of relevancy issues. Id. at 152:10–25. Judge Smith further explained that the prosecution's refusal to provide Dove a preliminary hearing results in the dismissal of the "felony complaint holding the defendant in jail" and "if that were the only charge pending against [Dove] and there was no other to hold him, [Dove] would be released from jail. And that does not prevent the [prosecution] from going to the grand jury to try and get an indictment." Id. at 157:18–158:7.

### C. Verdict and Sentencing[4]

On January 14, 2010, judgment was entered against Dove for assault in the second degree. People v. Dove, 86 A.D.3d 715, 715 (3d Dep't 2011). The court sentenced Dove as a persistent violent felony offender to a prison term of twelve years to life, to run concurrently with a sentence of twenty years to life for an unrelated burglary charge. Tr. at 317:14–19.

---

[4] Lee advises the Court that Dove is currently incarcerated pursuant to the judgment being challenged in this instant petition as well as an unrelated judgment. Lee Mem. of Law at 4. The unrelated judgment, a conviction of burglary and assault in which Dove is serving a prison term of twenty years to life, is the subject of another habeas petition currently pending in federal court. Id. (citing Dove v. Lee, 12-CV-835 (MAD)).

4

### D. Direct Appeal[5]

On direct appeal to the Appellate Division, Third Department, Dove's appellate counsel argued that (1) reference to his confinement in a correctional facility should have been included in a separate information, not the indictment and (2) the verdict was against the weight of the evidence because it failed to establish that Bogart suffered any physical injury. Dkt. No. 16-1 at 3–4.

On July 14, 2011, the Appellate Division affirmed the judgment of conviction. People v. Dove, 86 A.D.3d 715 (3d Dep't 2011). The Appellate Division found that while it was error for Dove's confinement status to be included in the indictment when it should have been contained in a special information,[6] the error was harmless because the indictment was not read to the jury and the nature of the underlying charged crime was not disclosed. Id. at 715–16. Moreover, Dove did not suffer prejudice because disclosure of his confinement

---

[5] Prior to perfecting his direct appeal, Dove filed a New York Criminal Procedure Law ("CPL") § 440.10 motion to vacate the judgment and a CPL § 440.20 motion to set aside his sentence. See Lee Mem. of Law (Dkt. No. 17) at 7; Dkt. No. 26-2. For the reasons stated in Decision & Order dated March 21, 2013, Dove's motion to amend to his habeas petition, in an attempt to incorporate that information into his petition, was denied. Dkt. No. 27.

[6] CPL § 200.60(1) states

> [w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction.

N.Y. CRIM. PROC. LAW § 200.60(1). Further, "[a]n indictment for such an offense must be accompanied by a special information, filed by the district attorney with the court, charging that the defendant was previously convicted of a specific offense." Id. § 200.60(2).

status in his case was unavoidable. Id. at 716. The Appellate Division proceeded to reject the weight of the evidence claim, finding that the evidence established Bogart had suffered physical injury. Id. at 716–17. To the extent Dove was attempting to challenge the legal sufficiency of the evidence, that claim was unpreserved for appellate review. Id. at 716 n.1.

By letters dated August 12, 2011 and September 2, 2011, Dove sought leave to appeal to the New York Court of Appeals ("Court of Appeals") on whether his confinement status should have been included in the indictment. Dkt. Nos. 16-4, 16-5. On October 18, 2011, the Court of Appeals denied that application. People v. Dove, 17 N.Y.3d 903 (2011). On January 18, 2012, Dove's application for reconsideration was denied. People v. Dove, 18 N.Y.3d 882 (2012).

### E. Petition Before this Court

In his petition, Dove contends that he was: (1) denied a preliminary hearing for his assault charge, thereby also having been denied a fair trial; (2) convicted by a prejudiced jury because it was aware of his confinement status; and (3) denied effective assistance of standby counsel.

## II. Exhaustion[7]

---

[7] It is undisputed that Dove's petition was timely made. Lee Mem. of Law at 8–9. Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), the one-year time period for filing a federal habeas corpus petition starts to run when the conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Cook v. N.Y. State Div. of Parole, 321 F.3d 374, 279–80 (2d Cir. 2003). A judgment of conviction becomes final at the conclusion of the ninety-day period during which the defendant could seek certiorari review from the United States Supreme Court. Epps v.

It is well-settled that before seeking habeas review, a petitioner must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); Shabazz v. Artuz, 336 F.3d 154, 160 (2d Cir. 2003) (quoting Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001)). Specifically, 28 U.S.C. § 2254(b)(1)(A) & (B) directs that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Id.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Thus, pursuant to § 2254(b)(1)(A), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State remedies are "properly exhausted" when the petitioner has "fairly presented" to the state court, O'Sullivan, 526 U.S. at 848, "both the factual and legal premises of the claim he

---

Poole, 687 F.3d 46, 49 (2d Cir. 2012) (citations and footnote omitted). Here, Dove's conviction became final on April 17, 2012, ninety days after the Court of Appeals denied Dove's leave for reconsideration application on January 18, 2012. Dove's time to file a habeas petition expired on April 17, 2013. Thus, the petition, which is dated April 30, 2012, was time timely filed.

7

asserts in federal court." Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) (citations omitted). The petitioner may fairly present the constitutional nature of his claim by

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Id. at 194. In addition, the petitioner must seek discretionary review where it is available at the highest state court and raise the same federal constitutional claims. See O'Sullivan, 526 U.S. at 847–48. The petitioner bears the burden of proving exhaustion. Colon v. Johnson, 19 F. Supp. 2d 112, 119–20 (S.D.N.Y. 1998) (citations omitted).

In this case, all of Dove's claims are unexhausted. Dove failed to raise the claim of a denied preliminary hearing for the assault charge as well as the claim of ineffective assistance of standby counsel at any level of state appellate review. Respondent Lee framed the former claim as a challenge to being placed in SHU confinement without a hearing. Even if the Court interprets Dove's claim as such, Dove never raised that claim before the Appellate Division or the Court of Appeals. Therefore, Dove failed to invoke one complete round of New York State's established appellate review process and both these claims are unexhausted. O'Sullivan, 526 U.S. at 845.

Turning to the second claim, Dove raised a closely related claim before the Appellate Division and the Court of Appeals. Before the state courts, Dove, through his appellate counsel, claimed that the inclusion of Dove's confinement status in the indictment was reversible error. Despite Dove's focus on the violation of a state statute, he stated, "[w]hile

8

it is concededly inevitable that the jury would have received some information regarding the defendant's confinement, this confinement did not have to be highlighted throughout every stage of the trial." Dkt. No. 16-1 at 14–15. Further, Dove claimed that "the judge's limiting instructions to the jury were insufficient to remove the taint." Id. at 15. Assuming Dove had expressly raised the claim of a conviction by a prejudiced jury, that claim would have been couched solely in state law terms. Dove cited five state cases, none of which relied on or employed a constitutional analysis in like fact situations.[8] Dkt. No. 16-1 at 12–15. Further, Dove did not rely on any pertinent federal cases, assert the claim in constitutional terms, or allege a pattern of facts that is well within the mainstream of constitutional litigation. Daye, 696 F.2d at 191. Therefore, Dove has failed to fairly present this claim to the highest state court of New York. Daye, 696 F.2d at 191. Accordingly, all of Dove's claims are unexhausted.

    A claim that was not fairly presented to the state courts and does not satisfy the requirements of § 2254(b)(1) may still be "deemed" exhausted by the habeas court "if it is clear that the state court would hold the claim procedurally barred." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (collecting cases); Aparicio, 269 F.3d at 90 ("When a claim has never been presented to a state court, a federal court may theoretically find that there is an 'absence of available State corrective process' under § 2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile."). Here, Dove cannot now raise his claims before the Court of

---

[8] These cases are: People v. Cooper, 78 N.Y.2d 476 (1991); People v. Reynolds, 283 A.D.2d 771 (3d Dep't 2001); People v. Boyles, 210 A.D.2d 732 (3d Dep't 1994); People v. Gaddy, 191 A.D.2d 735 (3d Dep't 1993); and People v. Ali, 147 A.D.2d 847 (3d Dep't 1989).

9

Appeals because he already had one direct appeal and made one request for leave to appeal to which he is entitled. Grey, 933 F.2d at 120–21(citing N.Y. COURT RULES § 500.10(a)).

Furthermore, collateral review of Dove's claims is also barred because they are contained in the record and could have been raised on direct appeal. N.Y. CRIM. PROC. LAW § 440.10(2)(c); see Teague v. Lane, 489 U.S. 288, 297–98 (1989); Clark v. Perez, 510 F.3d 382, 390–93 (2d Cir. 2008); Grey, 933 F.2d at 121. Evidence of a denied preliminary hearing and the indictment referring to Dove's confinement status are both contained in the record. Further, Dove's ineffective assistance of standby counsel claim is squarely based on the record as he does not submit additional proof or allege that he had additional proof of standby counsel's ineffectiveness. Holland v. Irvin, 45 F. App'x 17, 20 (2d Cir. 2002) (attached to this Report-Recommendation). Therefore, these unexhausted claims are deemed exhausted and procedurally defaulted. Ramirez v. Attorney General of State of New York, 280 F.3d 87, 94 (2d Cir. 2001).

A claim that is deemed exhausted because state remedies are no longer available to the petitioner may avoid the procedural bar if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Gutierrez v. Smith, 702 F.3d 103, 110–11 (2d Cir. 2012) (citations omitted); DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) (citations omitted). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court" or that the basis for a claim was not reasonably available to counsel. Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 127

(2d Cir. 1995) (internal quotation marks and citations omitted). As for a miscarriage of justice, this necessarily involves a showing that the petitioner is actually innocent. Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir. 2003). A federal habeas court will reach the merits of a petitioner's procedurally barred claim only if he can establish "cause" and "prejudice" or "a miscarriage of justice." Gutierrez, 702 F.3d at 110–11.

Here, neither cause and prejudice nor a miscarriage of justice is present in the record. There is nothing in the record indicating that an objective and external factor impeded Dove's efforts in raising his claims in state court. Ineffective assistance of counsel constitutes cause, and to successfully allege it, the petitioner must raise it as a separate and meritorious claim. Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000). While Dove raised ineffective assistance of standby counsel as a separate claim in his petition, as discussed supra, Dove's ineffective assistance claim is also procedurally barred. Reyes v. Keane, 118 F.3d 136, 140 (2d Cir. 1997) ("[A] claim of cause for procedural default is not itself excepted from the doctrine of procedural default. Thus, a petitioner may not bring an ineffective assistance claim as a cause for a default when the ineffective assistance claim itself is procedurally barred." (citation omitted)). As such, Dove has failed to establish cause for overcoming the procedural bar. Because cause is not established, the Court does not need to reach the inquiry on prejudice. Horton v. Ercole, 557 F. Supp. 2d 308, 323 (N.D.N.Y. 2008) (citations omitted). As for the fundamental miscarriage of justice, Dove does not allege new evidence tending to establish his actual innocence. Thus, because all of Dove's unexhausted claims are deemed exhausted and procedurally defaulted, and Dove cannot overcome the procedural bar, this Court cannot reach the merits of Dove's claims.

Accordingly, given the forgoing reasons, Dove's claims are barred from federal habeas review. Therefore, it is recommended that Dove's petition denied.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Dove's petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** in its entirety.

It is further **RECOMMENDED** that no certificate of appealability should be issued with respect to any of Dove's claims as Dove has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).  See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  December 12, 2013
         Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge